FILED

AUG 28 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 17-93 |
| ) | |
| KARL EDWARD WILEY ) | |
| ISAAC ANTHONY RIVERA ) | |

**SECOND SUPERSEDING INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci, Assistant United States Attorney for said District, and submits this Second Superseding Indictment Memorandum to the Court:

## I. THE SECOND SUPERSEDING INDICTMENT

A federal grand jury returned a seven-count Second Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Conspiracy<br>Beginning in and around May, 2014, and continuing thereafter until in and around October, 2017 | 18 U.S.C. § 371 | BOTH |
| 2-6 | Aggravated Identity Theft<br>November 10, 2015 (Count 2)<br>December 6, 2015 (Count 3)<br>February 17, 2015 (Count 4)<br>September 23, 2017 (Count 5)<br>September 25, 2017 (Count 6) | 18 U.S.C. 1028A(a)(1) | WILEY |
| 7 | Aggravated Identity Theft<br>August 27, 2016 (Count 7) | 18 U.S.C. 1028A(a)(1) | RIVERA |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That two or more persons agreed to commit offenses against the United States, as charged in the Second Superseding Indictment;

2.     That the defendant was a party to or member of that agreement;

3.     That the defendant joined the agreement or conspiracy knowing of its objective to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4.     That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.     As to Counts 2-7:**

In order for the crime of aggravated identity theft, in violation of Title 18, U.S.C. § 1028A(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant committed a felony violation of a statute listed in Title 18, U.S.C. § 1028A(c), and,

2.     That the defendant, during and in relation to said felony violation, knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1).

### III. PENALTIES

A.   As to Count 1: Conspiracy (18 U.S.C. § 371):

    1.   Individuals - The maximum penalties for individuals are:

        (a)   imprisonment of not more than 5 years (18 U.S.C. § 371);

        (b)   a fine not more than the greater of;

            (1)   $250,000 (18 U.S.C. § 3571(b)(3));

            or

            (2)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

        (c)   a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

        (d)   Any or all of the above.

B.   As to Counts 2-7: Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)):

    1.   A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

    2.   A fine not more than the greater of:

        (1)   $250,000 (18 U.S.C. § 3571(b)(3));

        or

        (2)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the

3

sentencing process (18 U.S.C. § 3571(d));

    3.     A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

    4.     Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to all Counts, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable.

                                Respectfully submitted,

                                SCOTT W. BRADY
                                United States Attorney

By:    /s/ Gregory C. Melucci
            GREGORY C. MELUCCI
            Assistant U.S. Attorney
            PA ID No. 56777